UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X

HENDY FRIED

                      Plaintiff,

    -against-

CHASE BANK USA, N.A.,

                      Defendant(s).

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONACT**

**DEMAND FOR JURY TRIAL**

------------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff HENDY FRIED ("Plaintiff"), by and through her attorney, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant CHASE BANK USA, N.A. , (hereinafter referred to as Defendant(s), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.    Defendant IS subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA

Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff HENDY FRIED is a resident of the State of NEW JERSEY residing in LAKEWOOD, NJ 08701.

4. Defendant CHASE BANK USA, N.A. has a Corporate Headquarters located at 270 PARK AVENUE NEW YORK, NY 10017.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about June 2017, Defendant began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone number 718-813-4384 and leaving automated messages.

9. On June 29, 2017, in response to these phone calls the Plaintiff called the Defendant and was connected with a female representative. The Plaintiff spelled her first and last name for the representative and informed her that she was not on the account.

10. The Plaintiff also stated that she was receiving calls to her cell phone number and offered to give the representative the account number.

11. The representative informed the Plaintiff since she was not on the account she would not be able to access it for her and asked if there was a reason why she was calling.

12. The Plaintiff informed the representative that it is her husband's account, but she is the one receiving calls on her cell phone and she would like for them to stop.

13. The representative said in order to make changes on the account she would need to talk to the Plaintiff's spouse.

14. The Plaintiff stated that if the calls do not stop she would need to take action.

15. The representative informed the Plaintiff again that they would need to talk to her spouse in order to make any changes on the account since the Plaintiff was not listed.

16. The Plaintiff informed the representative that if they do not stop contacting her she would have to take legal action against them and the call was concluded.

17. After the conclusion of the call and the request for the phone calls to stop the Defendant continued to contact the Plaintiff. From the start of the calls on or about June 2017 the Plaintiff has received at least 250 autodialed calls from Defendant.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA)

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

20. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See _Breslow c. Wells Fargo Bank, N.A._ 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and _Cavero v. Franklin Collection Serv., Inc._, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her _cell phone_ to allege that he/she was charged for the call. For example, in _Manno v. Healthcare Revenue Recovery Grp., LLC_, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In _Osorio v. State Farm Bank, F.S.B._, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per

call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

21. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

22. With the autodialed calls to Plaintiff's telephone commencing on or about June 2017 and continuing at a rate of approximately (250) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

23. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (250) times.

24. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

25. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

26. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

27. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

    B. A declaration that the Defendant's practices violated the TCPA;

        C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 24, 2018

                                        Respectfully submitted,

                                        /s/ Edward B. Geller

                                        EDWARD B. GELLER, ESQ.
                                        Edward B. Geller, Esq., P.C., Of Counsel to
                                        M. Harvey Rephen & Associates, P.C.
                                        15 Landing Way
                                        Bronx, New York 10464
                                        Tel:(914)473-6783

                                        *Attorney for the Plaintiffs',*
                                        HENDY FRIED

TO:  CHASE BANK USA, N.A.
       270 PARK AVENUE
       NEW YORK, NY 10017

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*